UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ANTONIO RUSSO, *pro se*,                              :
                                                     :
                         Petitioner,                 :
                                                     :
         -against-                                   :          **SUMMARY ORDER**
                                                     :
                                                     :          12-CV-701 (DLI)
                                                     :
THE PEOPLE OF THE STATE                              :
OF NEW YORK,                                         :
                                                     :
                         Respondent.                 :
---------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On February 18, 2012, *pro se* Petitioner Antonio Russo filed this habeas corpus petition

pursuant to 28 U.S.C. § 2254 ("§ 2254") without paying the filing fee or requesting leave to

proceed *in forma pauperis*.  By letter dated February 14, 2012, Petitioner was directed to pay the

requisite $5 filing fee or request *in forma pauperis* status.  Petitioner remitted the filing fee on

February 28, 2012.  By electronic Order dated on March 1, 2012, the court directed the

Respondent to Show Cause why the petition should not be granted.  Upon further review of the

petition, and for the reasons set forth below, the court's March 1st Order to Show Cause is

vacated, the petition is dismissed without prejudice and Petitioner is granted leave to submit an

amended petition within thirty (30) days of the date of this Order, *i.e.*, NO LATER THAN April

11, 2012, or the petition will be dismissed with prejudice.

**DISCUSSION**

According to the petition, Petitioner was convicted of Murder in the Second Degree and

Robbery in the First Degree in the New York State Supreme Court, Kings County, on October

19, 2005.  He was sentenced to an indeterminate term of 25 years to life imprisonment.  His

conviction was affirmed on February 1, 2011 on his appeal to the Supreme Court of New York,

Appellate Division, Second Department, where he claimed:  1) the verdict was against the weight of the evidence; 2) his right to confront witnesses against him was violated; 3) the trial court made various erroneous evidentiary rulings; 4) the trial court erred in failing to give the jury certain limiting instructions; and 5) the sentence was excessive.  *People v. Russo*, 81 A.D.3d 666, 667-668 (2d Dep't 2011).  The New York State Court of Appeals denied leave to appeal on July 13, 2011.  *People v. Russo*, 17 N.Y.3d 809 (2011).  Petitioner does not indicate that he pursued an appeal to the United States Supreme Court.  He asserts that he filed a motion for collateral relief pursuant to New York State Criminal Procedure Law § 440.10, in which he raised the issue of "Brady results."  (Pet. at 2.)  He does not give the date of this motion or indicate whether it was finally decided.

The petition does not specify any grounds for relief from the conviction or sentence even though the court has reviewed the petition, as it must, with an eye towards raising the strongest arguments the *pro se* petition may suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  If Petitioner wishes to challenge his conviction or sentence through a writ of habeas corpus pursuant to § 2254, he is hereby granted leave to file an amended petition within thirty (30) days from the date of this Order, *i.e.*, NO LATER THAN April 11, 2012.  The amended petition must clearly set forth each ground upon which Petitioner seeks relief from his conviction or sentence and any supporting facts.  Petitioner is reminded that a § 2254 petition is subject to significant gate-keeping requirements under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(b)(1), including proper exhaustion of claims, time limitations, and a bar against second or successive petitions.  In any amended petition, Petitioner should indicate what steps he took to raise each claim in state court and the outcome of each proceeding, so that this Court may determine whether each claim is properly exhausted.

**CONCLUSION**

The court's Order dated March 1, 2012 is hereby VACATED.  The petition is hereby DISMISSED without prejudice.  Petitioner is ORDERED to submit an amended petition within thirty (30) days of the date of this Order, that is, NO LATER THAN April 11, 2012.  In the event that Petitioner fails to file an amended petition by April 11, 2012, his petition will be dismissed with prejudice.  No response shall be required from Respondent at this time.  Closure of this case and all further proceedings are stayed until April 11, 2012 or until Petitioner has complied with this Order.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253.  The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438 (1962).


SO ORDERED.

Dated: Brooklyn, New York
       March 12, 2012


/s/
_____
DORA L. IRIZARRY
United States District Judge
